# United States Bankruptcy Court
# for the District of Oregon

**Frank R. Alley, III, Judge**
Barbara D. Ivey, Judicial Assistant
Lee D. Brice, Law Clerk



405 East Eighth Ave., Suite 2600
Eugene, Oregon 97401
(541) 431-4055
FAX: (541) 431-4048

March 26, 2008

Mr. David Wurst
Chapter 7 Trustee
P.O. Box 610
Medford, OR 97501

Mr. Frank Rote, III
P.O. Box 10
Grants Pass, OR 97528

Re: In re Nancy Guerrero, 07-60665-fra7

Dear Sirs:

      The Trustee filed an objection to an exemption claimed by the Debtor for delinquent spousal and child support due the Debtor from her ex-husband. The original amount exempted was in the amount of $144,000 and was later amended to $210,811. A hearing was held on June 28, 2007 on Trustee's objection to the original claim of exemption. Because there was a question regarding the balance due at the petition date, the court requested that Mr. Rote calculate the amount of the judgment as of the bankruptcy petition date, that the parties stipulate to the amount within eight weeks, and that the court would issue an opinion thereafter. As the Trustee's objection to the amended claim of exemption, which simply mirrored the original objection, is not to the amount of the judgment itself, I will assume the parties stipulate to the amended judgment balance of $210,811.

      <u>The Claimed Exemption</u>

      The Debtor claimed $3,036.83 in monthly spousal and child support, with a balance due at the petition date of $210,811, as exempt under ORS 18.345(1)(i).

      <u>The Trustee's Objection</u>

      The Trustee objected to the claimed exemption on the following grounds: (1) One of the debtor's two children had reached the age of majority and the child support awarded for the support of that child is property of the estate, and (2) There is a question as to whether the sum of $210,811 is reasonably necessary for the support of the Debtor and her children.

DISCUSSION

ORS 18.345 (1)

"The following property, or rights or interest therein of the judgment debtor . . . shall be exempt from execution: * * *

(i) Spousal support, child support, or separate maintenance to the extent reasonably necessary for the support of the debtor and any dependent of the debtor."

A Judgment of Dissolution was entered by the Circuit Court for Josephine County on December 4, 2002. An award of child support in the amount of $536.83 per month was made to the Debtor for the support of her two children: Quinn Guerrero, born 9/7/88, and Hope Ann Guerrero, born 7/29/91. Child support is payable "during the minority of said children or until said children are emancipated and thereafter so long as said children are . . . regularly attending school pursuant to ORS 107.108(4)." Judgment of Dissolution, page 9. At the bankruptcy petition date of March 15, 2007, Quinn was 18 years of age and Hope was 15. The Debtor was also awarded spousal support of $2,500 per month for a period of seven years. Debtor's ex-husband has not made any of the required support payments, nor has he maintained health insurance for his children or a life insurance policy on himself, as required by the terms of the Judgment.

Child Support

Once a child turns 18, he or she does not necessarily cease to qualify as a dependent of his or her parent. Whether the Debtor's spouse must continue to pay child support to the Debtor once the child turns 18 may depend on whether the child is "regularly attending school." However, if that child continues to be a dependent of the Debtor, any child support obligation due the Debtor under state law and/or the terms of the Judgment of Dissolution for the support of that child after he turns 18 is exempt so long as it is reasonably necessary for support.

Reasonably Necessary for Support

The Trustee argues that the total unpaid obligation for child and spousal support may not be reasonably necessary for the support of the Debtor and her dependent children. In awarding the support judgment, the Circuit Court is required to take into account a number of factors, including age of the parties, health, standard of living, relative earning capacity and income, and other relevant factors. See Matter of Marriage of Susanne Roppe and Randall Roppe, 186 Or.App. 632, 636, 64 P.3d 1145,1146 (2003). It must be presumed that the support award, when made by the court, established the monthly amount reasonably necessary for the support of the Debtor and her dependents.

To the extent the Trustee argues that the unpaid support obligation is not reasonably necessary for the *present and future* support of the Debtor and her dependents, and assuming that is the test we must apply, the Trustee has not met his evidentiary burden. The Trustee has presented no evidence that the unpaid obligation is not reasonably necessary for the support of

the Debtor and her dependents, under the circumstances of this case.  Nor has the Trustee presented evidence showing that Quinn is no longer a dependent of the Debtor.

Debtor's attorney states in his memorandum prior to the hearing that Debtor, should she receive the unpaid support, would be able to do the following: pay off her car loan, pay for health and dental insurance for herself and her children, seek regular medical care, establish some savings for her retirement, pay for the college education of her children, pay for medical bills, afford some recreational activities, and perhaps purchase a house. There have clearly been unmet needs of the Debtor and her children due to the lack of support payments from Debtor's ex-husband.

## CONCLUSION

Trustee has failed to meet his burden to show that the spousal and child support obligation owing to the Debtor is not reasonably necessary for the support of the Debtor and her dependents.  Accordingly, the Trustee's objection to the Debtor's claim of exemption will be overruled.  An order to that effect will be entered by the court.

Very truly yours,

FRANK R. ALLEY, III
Bankruptcy Judge